OPINION
PER CURIAM.
Appellant Mark A. Cronin appeals pro se from an order by the United States District Court for the Eastern District of Pennsylvania dismissing his claims, entering judgment against him, and confirming an arbitration award in favor of Appellee CitiFinancial Services, Inc. (“CitiFinancial”). For the following reasons, we will affirm the District Comb’s decision.
I. Background
On March 27, 2008, Cronin, a licensed attorney proceeding pro se on behalf of himself and a purported class of similarly situated individuals, filed a complaint against CitiFinancial[1] in the District Court concerning a loan Cronin had obtained from CitiFinancial in the amount of $6,999.91. In the complaint, Cronin claimed, inter alia, that CitiFinancial violated the Fair Credit Reporting Act (“FCRA”), 15 U.S.C. § 1681, et seq., by providing inaccurate loan information to consumer credit reporting agencies. Specifically, Cronin alleged that CitiFinancial artificially inflated the amount of Cronin’s loan by reporting an accelerated loan value, including pre-computed interest and finance charges, of approximately $12,000.00, rather than the current unpaid loan balance of approximately $7,000.00. Cronin argued that CitiFinancial’s actions adversely affected his credit reports. In addition, he claimed that CitiFinancial makes a general practice of providing accelerated loan values to consumer credit reporting agencies, which adversely impacts a class comprised of borrowers similarly situated to Cronin.
CitiFinancial moved to stay the proceedings and compel arbitration, based upon an arbitration agreement executed by the parties at the time Cronin obtained the loan. On July 24, 2008, 2008 WL 2944869, the District Court granted CitiFinancial’s motion, concluding that the arbitration agreement was valid and enforceable and applied to Cronin’s claims. The parties proceeded to arbitration, where CitiFinancial raised a counterclaim against Cronin for breach of contract, seeking the loan amount plus accrued interest and attorneys’ fees.
At arbitration, without a hearing, CitiFinaneial prevailed in its defense of Cronin’s claims and obtained an award of $9,668.67 on its breach of contract counterclaim. CitiFinancial then moved in the District Court for confirmation of the arbitral award and Cronin cross-moved to vacate it. On April 16, 2009, 2009 WL 1033613, the District Couib entered an order confirming the arbitration award. The District Comb also dismissed all of Cronin’s claims with prejudice, entered judgment against him, and closed the case.
Cronin filed this timely pro se appeal.
II. Analysis
A.
Cronin argues that the District Court erred by granting CitiFinaneial’s motion to *633 compel arbitration. As a threshold matter, CitiFinancial responds that we lack jurisdiction to consider Cronin’s claim because he did not specify in his notice of appeal an intent to appeal the District Court’s July 24, 2008 arbitration order.
Federal Rule of Appellate Procedure 3(c) states that the notice of appeal must “designate the judgment, order or part thereof appealed from.” Fed. R.App. P. 3(c). We liberally construe Rule 3(c)’s requirements. See Pacitti v. Macy’s, 193 F.3d 766, 776 (3d Cir.1999); Drinkwater v. Union Carbide Corp., 904 F.2d 853, 858 (3d Cir.1990). A failure to refer specifically to earlier orders does not necessarily preclude our review of those orders, see Shea v. Smith, 966 F.2d 127, 129 (3d Cir.1992), and an appeal from a final judgment draws into question all prior non-final orders and rulings. See Drinkwater, 904 F.2d at 858. Generally, we will review orders not specified in the notice of appeal where: (1) there is a connection between the specified and unspecified order, (2) the intention to appeal the unspecified order is apparent, and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues. See Pacitti, 193 F.3d at 777; Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 144 (3d Cir.1998).
The final judgment rule barred Cronin from earlier appealing the District Court’s July 24, 2008 arbitration order. See 28 U.S.C. § 1291; see also 9 U.S.C. § 16. The arbitration order is related to the April 15, 2009 judgment, which, among other things, confirmed the arbitral award. In addition, CitiFinancial had notice of Cronin’s intent to appeal the arbitration order, as he raised the issue in the District Court in his opposition to CitiFinancial’s motion to confirm the arbitral award, and again addressed the issue in his opening appellate brief. See Polonski, 137 F.3d at 144 (stating that “the appellate proceedings clearly manifest an intent to appeal”). The issue has now been fully briefed by both parties on appeal. CitiFinancial has not argued that it will suffer prejudice from our review of the order, and we discern none. See Pacitti, 193 F.3d at 777. We conclude that Cronin’s notice of appeal was sufficient to bring up the District Court’s July 24, 2008 arbitration order for our review.
B.
Cronin argues that the District Court erred in compelling arbitration because the underlying arbitration agreement is unconscionable and unenforceable under our recent decision in Homa v. American Express Co., 558 F.3d 225 (3d Cir.2009). CitiFinancial contends that Cronin waived this argument because he did not raise it before the District Court.
Generally, absent special circumstances, only ai’guments made first to the District Court may be heard on appeal. See Flick v. Borg-Warner Corp., 892 F.2d 285, 288 (3d Cir.1990). CitiFinancial concedes, however, that Cronin argued to the District Court that the arbitration agreement was unconscionable. In addition, in his cross-motion to vacate the arbitral award, Cronin expressly asked the District Court to “reconsider its July 24, 2008 Order in light of a recent ruling by the United States Court of Appeals for the Third Circuit, Homa v. American Express Co.”
CitiFinancial contends that Cronin’s failure to further elaborate upon his argument for Homa’s application prevented the District Court from reviewing the issue and thereby effects a waiver. We disagree. Although further support for the argument applying Homa would have been desirable, it appears to us both that Cronin raised the issue and that the District Court ad *634 dressed it.[2] The issue has been adequately preserved for our review on appeal, and we will proceed to its merits.
C.
We exercise plenary review over questions of law concerning the applicability and scope of arbitration agreements. Zimmer v. CooperNeff Advisors, Inc., 528 F.3d 224, 228 (3d Cir.2008).
The Federal Arbitration Act (“FAA”), 9 U.S.C. § 1, et seq., establishes “a strong federal policy in favor of the resolution of disputes through arbitration.” Alexander v. Anthony Intern., L.P., 341 F.3d 256, 263 (3d Cir.2003) (citing Moses H. Cone Mem’l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). However, because arbitration agreements are “enforceable to the same extent as other contracts,” Seus v. John Nuveen & Co., 146 F.3d 175, 178 (3d Cir.1998), an arbitration agreement may be held invalid “upon such grounds as exist at law or in equity for the revocation of any contract.” 9 U.S.C. § 2. Thus, under FAA § 2, generally applicable state law contract defenses such as unconscionability may be applied to nullify arbitration agreements without contravening the FAA. See Doctor’s Assocs., Inc. v. Casarotto, 517 U.S. 681, 686-87, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Accordingly, pri- or to ordering parties to arbitration, a court must determine whether the parties entered a valid agreement to arbitrate, see Alexander, 341 F.3d at 264 (citing 9 U.S.C. § 2), and the relevant state’s law of contracts guides this determination. Blair v. Scott Specialty Gases, 283 F.3d 595, 603 (3d Cir.2002).
Cronin argues that his arbitration agreement with CitiFinancial is unconscionable under the public policy of the Commonwealth of Pennsylvania.[3] Cronin relies upon Homa, in which we held that an arbitration agreement that completely deprived an individual of the ability to pursue class-wide relief was unconscionable and unenforceable under the public policy of New Jersey. 558 F.3d at 230 (citing Muhammad v. County Bank of Rehoboth Beach, Del., 189 N.J. 1, 912 A.2d 88, 100-01 (2006)). Because New Jersey’s unconscionability defense applies to all sweeping class-action waivers, and not merely those that also compel arbitration, we reached our conclusion without contravening the FAA. Id. Cronin argues that the class action waiver clause in his arbitration agreement with CitiFinancial similarly deprives him of any recourse to a class action.[4] As a result, he argues that the arbitration agreement is unconscionable under Pennsylvania law and should not be enforced pursuant to FAA § 2.
CitiFinancial responds that our decision in Gay v. CreditInform, 511 F.3d 369 (3d Cir.2007), rather than Homa, controls this *635 case. In Gay, we held that, under Virginia law, an arbitration agreement prohibiting class action litigation did not meet Virginia’s “shock the conscience” test for unconscionability, and was therefore enforceable under the FAA. 511 F.3d at 390. However, because Gay had argued for the application of Pennsylvania law, we noted that the unconscionability argument in that case had support under Pennsylvania law. Id. at 392-93 (citing, inter alia, Lytle v. CitiFinancial Servs., Inc., 810 A.2d 643 (Pa.Super.Ct.2002); Thibodeau v. Comcast Corp., 912 A.2d 874 (Pa.Super.Ct.2006)). Ultimately, we concluded in dicta that Pennsylvania case law “hold[s] that an agreement to arbitrate may be unconscionable simply because it is an agreement to arbitrate.” Id. at 395. As a result, the Pennsylvania courts’ decisions concerning the unconscionability of class action waivers do not set forth a generally applicable principle of contract law permitting an arbitration agreement to be invalidated under FAA § 2.
The parties argue that there may be some tension between the holdings of Homa and Gay concerning the effect of Pennsylvania’s public policy. Specifically, we have not yet directly addressed whether the Pennsylvania decisions on the unconscionability of certain class action waivers set forth a public policy unique to arbitration agreements, or a generally applicable contract defense permitted by FAA § 2. Compare Gay, 511 F.3d at 392-93, with Homa, 558 F.3d at 230. However, we need not resolve that issue today. Instead, we conclude that the class action waiver provision in the parties’ arbitration agreement is not unconscionable under Pennsylvania law.
The Pennsylvania Superior Court has held that Pennsylvania’s public policy rejects contracts mandating individual litigation or arbitration in those cases where “defendant corporations are effectively immunized from redress of grievances.” Thibodeau, 912 A.2d at 885 (Pa.Super.Ct.2006). In Thibodeau, for example, the Superior Court affirmed the trial court’s conclusion that the class action waiver at issue contravened Pennsylvania’s public policy because the plaintiff in that case would be entitled to only minimal damages. According to the trial court’s opinion, which the Superior Court cited with approval, “[ejveryone knows that these claims will never be arbitrated on an individual basis, ... [n]o individual will expend the time, fees, costs and or other expenses necessary for individual litigation or individual arbitration for this small potential recovery.” Id. at 885-86; see also Lytle, 810 A.2d 643 (indicating that a class action waiver may be unconscionable if the potential for recovery of individual damages is insufficient to permit any real ability to pursue legal redress, thereby insulating the defendant from liability for wrongdoing[5]). Thus, the Superior Court has made clear that Pennsylvania does not deem all arbitration waivers per se unconscionable. Rather, the critical issue is whether the particular class action waiver effectively ensures that a defendant will never face liability for wrongdoing.
In the complaint, Cronin sought actual and punitive damages, costs, and attorneys’ fees — all of which are permitted un *636 der the FCRA, see 15 U.S.C. §§ 1681n(a)(l)(A), (a)(2), (a)(3), and are potentially recoverable in an arbitration under that statute. See Johnson v. West Suburban Bank, 225 F.3d 366, 373 (3d Cir.2000) (the full range of statutory rights remain available in arbitration proceedings). We have noted that the statutory ability to recover attorneys’ fees helps to preserve an individual’s ability to pursue claims, even in those situations where the class forum has been foreclosed. Johnson, 225 F.3d at 374; see also, e.g., Thibodeau, 912 A.2d at 885-86 (indicating that an individual’s burden to cover costs and fees is a consideration in determining whether he or she will ever bring an individual claim with a small potential damages recovery).
We conclude that Cronin’s ability to seek actual and punitive damages, costs, and attorneys’ fees rendered his individual FCRA claim sufficiently valuable so that CitiFinancial was not completely insulated from liability, even in light of Cronin’s contractual waiver of the right to pursue a class action. As a result, the class action waiver is not unconscionable under the public policy of Pennsylvania, see Thibodeau, 912 A.2d 874, 885, Lytle, 810 A.2d 643, and the District Court appropriately enforced the arbitration agreement. See 9 U.S.C. § 2.
D.
Finally, Cronin argues that the District Court erred by exercising supplemental jurisdiction over CitiFinancial’s state-law counterclaim against him. 28 U.S.C. § 1367(a); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). We review the District Court’s exercise of jurisdiction for abuse of discretion. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 311 (3d Cir.2003).
Section 1367(a) provides: “in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy....” 28 U.S.C. § 1367(a). The District Court need not exercise supplemental jurisdiction in all cases. For instance, a district court may decline supplemental jurisdiction where it has “dismissed all claims over which it has original jurisdiction.” 28 U.S.C. § 1367(c)(3). However, where a district court has chosen to exercise supplemental jui'isdiction over a state law claim, the dismissal of the federal claim generally does not eliminate that jurisdiction. See New Rock Asset Partners, L.P. v. Preferred Entity Advancements, 101 F.3d 1492, 1505 (3d Cir.1996); Lentino v. Fringe Emp. Plans, Inc., 611 F.2d 474, 479 (3d Cir.1979).
Cronin argues that the dismissal of the federal claim deprived the District Coui*t of jui'isdiction because the state law counterclaim does not share a common nucleus of operative fact with his fedei’al FCRA claim. Without regard to the mei'its of Cronin’s legal ai'gument, we disagree with the premise that the claims are not sufficiently factually related for the exercise of supplemental jurisdiction. Both the FCRA claim and the breach of conti'act counterclaim share a common nucleus of operative fact because they both turn on the terms of the written loan agreement between CitiFinancial and Cronin. Although Cronin argues the claims are unrelated because their legal elements diffei', the legal differences do not affect whether the claims share a common nucleus of fact. See Gibbs, 383 U.S. at 725, 86 S.Ct. 1130. Accordingly, the District Court did not abuse its discretion in retaining supple *637 mental jurisdiction over CitiFinancial’s state law counterclaim.
III. Conclusion
For the foregoing reasons, we will affirm the judgment of the District Court.

. Cronin also raised claims against Appellee Washington Mutual Bank, N.A. Those claims were dismissed by stipulation of the parties and the dismissal is not disputed on appeal.

. The District Court concluded that "Homa stated that New Jersey state law would hold that a waiver of class-arbitrations under an arbitration agreement was unconscionable. In this case, however, the plaintiff does not discuss the applicability of any Pennsylvania law beyond that already considered.”

. The parties agree that the law of Pennsylvania governs their arbitration agreement.

. The agreement’s class-action waiver clause provides:
No Class Actions/No Joinder of Parties. You agree that any arbitration proceeding will only consider Your Claims. Claims by and on behalf of other borrowers will not be arbitrated in any proceeding that is considering Your or Our Claims. Because You have agreed to arbitrate all Claims, You may not serve as a class representative or participate as a class member in a putative class action against any party entitled to compel arbitration under this Agreement.

. The Lytle court did not reach a conclusion on the unconscionability of the class action waiver in that case, instead remanding to the trial court with instructions to consider the issue: "the trial court ... may also receive and consider evidence relevant to the Lytles’ argument that the cost associated with individual versus class-based litigation of their claim against CitiFinancial would, in light of the amount of their damages, result in continuing immunity for CitiFinancial....” Lytle, 810 A.2d at 666.